**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

CORNELL FERGUSON,

Plaintiff,

v.

CITY OF CHICAGO and CHICAGO POLICE OFFICERS DAVID SALGADO, Star No. 16347, ROBERTO RAMIREZ, Star No. 12261, XAVIER ELIZONDO, Star 1340, JOSEPH TREACY, Star No. 17619, RICHARD MOSTOWSKI, Star No. 12898, JOSE SANCHEZ, Star No. 5476, MICHAEL KARCZEWSKI, Star No 1055, VINCENT CIOCCI, Star No. 12914, MARK MENDEZ, Star No. 16044, FERNANDO BANDA Star No. 19073, GEORGE ROMERO, Star No. 11477, CARLOS DELATORRE, Jr., Star No. 5284, KEVIN KILLEN, Star No. 6535, MICHAEL STUTZ, Star No 19285, JEREMY CARTER, Star No. 4007, and JEFFREY CARIBOU Star No. 7416,

Defendants.

JURY TRIAL DEMANDED

**COMPLAINT**

NOW COMES Plaintiff, CORNELL FERGUSON, by and through his attorney Christopher R. Smith, and complaining of Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS DAVID SALGADO, Star No. 16347, ROBERTO RAMIREZ, Star No. 12261, XAVIER ELIZONDO, Star 1340, JOSEPH TREACY, Star No. 17619, RICHARD MOSTOWSKI, Star No. 12898, JOSE SANCHEZ, Star No. 5476, MICHAEL KARCZEWSKI, star No 1055, VINCENT CIOCCI, Star No. 12914, MARK MENDEZ, Star No. 16044, FERNANDO BANDA Star No. 19073, GEORGE ROMERO, Star No. 11477, CARLOS

DELATORRE, Jr., Star No. 5284, KEVIN KILLEN, Star No. 6535, MICHAEL STUTZ, Star No 19285, JEREMY CARTER, Star No. 4007, and JEFFREY CARIBOU, Star No. 7416.

**Introduction**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331, § 1343, and § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief, all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

3. Plaintiff, Cornell Ferguson, is a resident of Chicago, Cook County, Illinois.

4. DAVID SALGADO, Star No. 16347, ROBERTO RAMIREZ, Star No. 12261, XAVIER ELIZONDO, Star 1340, JOSEPH TREACY, Star No. 17619, RICHARD MOSTOWSKI, Star No. 12898, JOSE SANCHEZ, Star No. 5476, MICHAEL KARCZEWSKI, star No 1055, VINCENT CIOCCI, Star No. 12914, MARK MENDEZ, Star No. 16044, FERNANDO BANDA Star No. 19073, GEORGE ROMERO, Star No. 11477, CARLOS DELATORRE, Jr., Star No. 5284, KEVIN KILLEN, Star No. 6535, MICHAEL STUTZ, Star No 19285, JEREMY CARTER, Star No. 4007, and other unknown Chicago Police Officers ( Referred to collectively as "Defendant Officers.") were at the time of this occurrence Chicago Police Officers. They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

5. Defendant City of Chicago ("City") is a municipal corporation incorporated under

the laws of the State of Illinois that operates the Chicago Police Department, and, at all times relevant to the events complained of herein, was the employer of Defendant Officers. The City is sued pursuant to *Monell* liability in the federal claims and the doctrine of *respondeat superior* on the pendant State law claims.

**Background**

6. On May 19, 2017, Plaintiff Cornell Ferguson intended to use the bathroom in his friend's apartment at 4209 W. Jackson, Chicago, Illinois.

7. At the time, Cornell was separated from his wife and was kept some personal items and papers there.

8. Before Cornell arrived, Defendant Officers had already entered the apartment.

9. When Plaintiff was on his way up the stairs, and urgently headed for the bathroom, the Defendant Officers grabbed him and tackled him down to the ground.

10. The Defendant Officers kicked him repeatedly while he was on the ground.

11. At least five Defendants including Elizando and Salgado savagely beat Cornell.

12. All Defendants participated in the beating or had an opportunity to intervene to stop the beating and failed to do so.

13. Plaintiff was beaten so badly that he lost control of bowels and defecated on himself.

14. Then Defendant Officers took Cornell to Homan and Filmore (the Homan Square Black Site) and held him for hours in a small room handcuffed to a pole.

15. Eventually the Defendant Officers brought Cornell to the police station at to Kenzie and Harrison to spend the night.

16. Defendants charged Cornell with firearms and narcotics related felonies.

17. Defendant Elizando was the team supervisor.

18. Defendant Salgado had attested to the warrant.

19. Once at the Cook County Jail, Plaintiff was taken to the Cermak medical wing, where he stayed for a week while he recovered from the Defendants' beating.

20. Plaintiff required medical and dental care for the injuries caused by the Defendant Officers.

21. On February 14, 2018 the Assistant State's Attorney dismissed all charges against Cornell by *nolle prosequi*.

**Count I – 42 U.S.C. § 1983**
**Fourth Amendment – Excessive Force (Against All Defendants)**

22. Each of the foregoing paragraphs is incorporated as if restate fully herein.

23. The actions of Defendant Officers, as detailed above, constitute unreasonable, unjustifiable, and excessive force against Plaintiff; thus, violating Plaintiffs' rights under the Fourth Amendment to the United States Constitution.

24. As a proximate result of the above-detailed actions of Defendants, Plaintiff suffered injuries including pain and suffering, emotional distress and mental anguish.

**COUNT II – 42 U.S.C. § 1983**
**Fourth Amendment – Failure to Intervene (Against All Defendants)**

25. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

26. As described more fully in the preceding paragraphs, during the constitutional violations described herein, one or more of the Defendant Officers stood by without intervening to prevent the misconduct described in this Complaint.

27. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, and the loss of Plaintiffs'

liberty, as is more fully described throughout this Complaint.

**Count III 42 U.S.C. Section 1983**
**Fourteenth Amendment - Failure to Provide Medical Care**

28. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

29. By failing to obtain medical treatment for Plaintiff despite their knowing that Plaintiff was suffering from injuries and illness, and despite Plaintiff's requests for medical treatment, Defendants were deliberately indifferent to his health and safety.

30. Defendant Officers' deliberate indifference to the health and safety of Plaintiff resulted in severe physical and emotional harm to Plaintiff.

31. The misconduct described in this count constitutes a violation of the Due Process clause of the Fourteenth Amendment.

32. As a direct and proximate cause of Defendants acts and/or omissions, Plaintiff was injured and suffered physical, emotional, and financial damages.

**COUNT IV – 42 U.S.C. § 1983**
**Fourth Amendment — Unlawful Detention (Against All Defendants)**

33. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

34. As described above, Defendant Chicago Police Officers falsely arrested Plaintiff knowing there was no probable cause to prosecute Plaintiff; these actions of the Defendant Chicago Police Officers were motivated by malice.

35. Plaintiff was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor.

36. The actions stated herein violate the United States Constitution, specifically the 4th and 14th Amendments.

37. The misconduct described in this Court was undertaken by the Defendant Chicago Police Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

38. As a result of the Defendant Officers' failure to intervene, Plaintiff suffered pain and injury, including emotional anguish, humiliation, fear, anxiety, and the loss of Plaintiffs' liberty, as is more fully described throughout this Complaint.

**COUNT V – 42 U.S.C. § 1983**
**Conspiracy (Against All Defendants)**

39. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

40. In agreeing to falsely charge Plaintiff with a criminal offense without any reason to believe he had committed a crime, Defendant Chicago Police Officers acted in concert with each other to intentionally deprive Plaintiff of his Constitutional rights under color of law.

41. In furtherance of this conspiracy, Defendant Chicago Police Officers took overt acts in fabricating false police reports, criminal complaints and giving false testimony under oath, in an effort to unlawfully convict Plaintiff of a criminal offense, all in violation of both state and federal law.

42. In furtherance of this conspiracy, Defendant Chicago Police Officers took overt acts to conceal their ongoing misconduct and unlawfully convict Plaintiff of a criminal offense, all in violation of both state and federal law.

43. The misconduct described in this Count was undertaken intentionally, with malice, willfulness, wantonness and reckless indifference to the rights of the Plaintiff.

44. As a result of the above-described wrongful infringement of Plaintiff's rights, he has suffered damages.

45. The aforementioned actions of the Defendant Chicago Police Officers were the

direct and proximate cause of the violations of the United States Constitution, the Fourth Amendment and Fourteenth Amendment.

46. The misconduct described in this Count was undertaken by Defendant Chicago Police Officers within the scope of their employment such that their employer, Defendant City of Chicago, is liable for their actions.

**COUNT VI – 42 U.S.C. § 1983**
***Monell* Claim Against Defendant City of Chicago**

47. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

48. The Chicago Police Department (the "Department") is a subsidiary division of Defendant, Defendant City of Chicago.

49. The City maintains and exercises exclusive control over the Department, its policies and procedures, as well as the conduct of all of its employees, including Defendant Chicago Police Officers.

50. The Independent Police Review Authority ("IPRA") is a subsidiary of Defendant City of Chicago during all times relevant to this Complaint. The City maintained and exercised exclusive control over IPRA, its policies and procedures, as well as the conduct of its employees.

51. Defendant City, through its subsidiary the Chicago Police Department, has established certain policies and procedures that were adopted and promulgated through the actions and inactions of senior and intermediate supervising officers of the Chicago Police Department, and were thereby ratified by Defendant City of Chicago.

52. Defendant City of Chicago, through its subsidiary IPRA has established certain policies and procedures that were adopted and promulgated through the actions and inactions of senior and intermediate supervisory employees of IPRA, and thereby ratified by Defendant City of Chicago.

53. At the time of this occurrence and prior thereto, there existed within the Chicago Police Department policies and procedures which result in the failure or refusal of the Chicago Police Department to properly and legitimately investigate police misconduct committed by sworn Chicago Police Officers against civilian citizens of Chicago.

54. The failure or refusal of the Chicago Police Department to properly and legitimately investigate police misconduct by sworn Chicago Police Officers, and the resulting failure of the Chicago Police Department to properly discipline its officers for such misconduct, is the proximate cause of frequent injuries to civilian citizens, including Plaintiff.

55. The failure and refusal by the CITY, through the Chicago Police Department and IPRA, to properly and legitimately investigate the use of police misconduct by sworn Chicago Police Officers, signals a tolerance by Defendant City of police misconduct by Chicago Police Officers, and constitutes a deliberate indifference by Defendant City of Chicago to such conduct.

56. A United States Department of Justice Department Report determined that the civil rights of the citizens who lived on the South and West side of the City of Chicago had been routinely violated by members of the Chicago Police Department for a number of years.

57. There have been hundreds of instances wherein members of the Chicago Police Department have been alleged to have violated the civil rights of individuals through the abuse of the John Doe search warrant practice.

58. Despite these numerous complaints, no officer has been terminated or received substantial discipline for the abuse of John Doe search warrants.

59. Recently two Chicago Police Officers, Xavier Centeno and David Salgado were indicted in this court in a three count Indictment in Case No. 18 CR 286 for theft and lying to federal authorities in connection with their execution of John Doe search warrants as Chicago

Police Officers.

60. Officer David Salgado who was indicted in 18 CR 286 is a Defendant in this case that alleges the abuse of the John Doe search warrant process to violate Plaintiff's rights during a time when Salgado was on a west side gang team – the same area of the City in which the incidents detailed in this complaint occurred.

61. Specifically, during the course of conduct described by the Indictment, Salgado and Elizondo: 1.) obtained materially false John Doe search warrants; 2.) caused confidential informants to provide false information to judges to obtain such warrants; 3.) falsified police reports to conceal their criminal activities regarding the John Doe search warrants; and 4.) lying to federal authorities.

62. The Indictment contains multiple instances of this behavior with is indicative of the pattern and practice alleged herein.

63. At no point were either of these officers disciplined or sanctioned in any manner for the criminal conduct that was alleged in the Indictment despite knowledge of their activities.

64. In addition to the allegations set forth in the aforementioned Indictment, there have been a number of other instances that demonstrate the pattern and practice that has been set forth in this Complaint.

65. By its polices of non-feasance and deliberate indifference in the aforementioned areas, Defendant City of Chicago, through the Chicago Police Department, let it be known to its supervisors and officers, such as Defendant Chicago Police Officers, that Defendant City of Chicago condoned, ratified and, by virtue thereof encouraged, the unwarranted and illegal misconduct by said officers.

66. The failure and refusal by Defendant City of Chicago, through the Department.

and IPRA, to investigate police misconduct by sworn Chicago Police Officers in the same manner and form, and subject to the same standards, as those used by the Department in its investigations of citizens, creates unwarranted and illegal favored treatment for a class of citizens, Chicago Police Officers, as compared with the treatment afforded citizens.

67. The acts and omissions of Defendant City of Chicago, through the policies and procedures implemented by the Chicago Police Department and IPRA, were a deliberate and malicious deprivation of Plaintiff's constitutional rights as guaranteed to the plaintiff by the Fourth Amendment to the Constitution, and made applicable to the states by the Fourteenth Amendment.

68. As a matter of both policy and practice, the Chicago Police Department and IPRA directly encouraged, and was thereby the moving force behind, the very type of misconduct at issue here by failing to adequately investigate its officers, such that its failure to do so is objectively unreasonable.

69. Defendant City of Chicago has failed to remedy the patterns of behavior described in these subparagraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

70. As a matter of policy and practice, Defendant City of Chicago, facilitates the type of constitutional violation at issue here by failing to punish and discipline prior instances of police misconduct, thereby leading officers and providers to believe their actions will never be scrutinized, thereby encouraging future abuses such as those affecting Plaintiff.

71. The policy and practice is furthered by the actions of Defendant City of Chicago through IPRA in making findings in a disproportional small number of cases involving officers accused of misconduct.

72. The policy and practice of Defendant City of Chicago condone a "code of silence" in the City of Chicago Police Department that condone the failure to report police misconduct and results in citizens suffering deprivations of their constitutional rights such as the one set forth in this Complaint.

73. Said policies, practices, customs, and omissions as set forth above, both individually and collectively, were maintained and implemented with deliberate indifference, and caused agents, servants and/or employees of the Chicago Police Department referred to commit the aforesaid acts against Plaintiff and, therefore, acted as direct and proximate causes of said constitutional violations to Plaintiff.

74. As a direct and proximate cause of the wrongful acts of Defendant City of Chicago, Plaintiff suffered injuries, including loss of liberty, mental anguish, emotional damages, including emotional distress and a disruption of daily life functions.

**COUNT VII – STATE LAW CLAIM**
**Malicious Prosecution**

75. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

76. As described above, Defendant Officers willfully and wantonly initiated and continued criminal proceedings against Plaintiff without probable cause to believe that Plaintiff had committed the crimes charged.

77. The charges were instituted and continued with malice.

78. The charges against Plaintiff were terminated in his favor in a manner indicative of innocence.

79. As a result of the Defendant Officers' conduct, Plaintiff suffered injuries including emotional distress.

**COUNT VIII – STATE LAW CLAIM**
**Indemnification – 745 ILCS 10/9-102**

80. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

81. At the time of the events described above, the Defendant Officers were employed by the City of Chicago.

82. The Defendant Officers committed the acts alleged above under color of law and within the scope of their employment as employees of the City of Chicago.

WHEREFORE, pursuant to 42 U.S.C. Section 1983 and applicable state law, Plaintiff demand judgment against Defendants for compensatory damages and, because the Defendant Officers acted maliciously, wantonly, and/or oppressively, Plaintiff seek punitive damages against them in their individual capacities, plus the costs of this action and attorney's fees, and such other and additional relief as this court deems equitable and just.

PLAINTIFF'S DEMAND TRIAL BY JURY.

RESPECTFULLY SUBMITTED,

/s/ Christopher R. Smith
*Attorney for Plaintiff*

Christopher R. Smith
Christopher Smith Trial Group
53 W. Jackson, Suite 856
Chicago, Illinois 60604
312.432.0400